UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CASSANDRA LEE,<br><br>    Plaintiff,<br>v.<br><br>CHECK FRAUD SERVICES, LLC, d/b/a CHECK SERVICES.<br><br>    Defendant. | CASE NUMBER:<br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff, CASSANDRA LEE, by and through undersigned counsel, hereby files her Complaint, and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and Florida Consumer Collection Practices Act, §33-559.55 et. seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

### PARTIES

4. Plaintiff is a natural person who resides in the City of Palm City, County of Martin State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and FCCPA §559.55(2).

5. Defendant, Check Fraud Services d/b/a Check Services, (hereinafter "Defendant") is a collection agency operating from an address of 3070 Windward Plaza, Suite F295,

-2-

Alpharetta, Georgia, 30005 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and FCCPA §559.55(6).

6. Defendant has a registered agent for service of process by the name of Tyron Jones with an address of 4151 Ashford Dunwoody Road N.E., Suite 120, Atlanta, Georgia 30319.

## FACTUAL ALLEGATIONS

7. On or before 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and FCCPA §559.55(1).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. On or about, April 24, 2013, Defendant left a voicemail for Plaintiff that is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2) and FCCPA §559.55(5).

10. Defendant's agent failed to provide the required mini-Miranda warning, "This is an attempt to collect a debt and any information obtained will be used for that purpose," in this message. Defendant's agent identified herself as, "Investigator Morgan," which made Plaintiff believe she was involved in a criminal matter.

11. Plaintiff contacted Defendant after hearing the above referenced message regarding this alleged debt. During this call, Plaintiff asked the name of Defendant's company and Defendant gave multiple names for the business.

12. Further, Defendant told Plaintiff that a warrant for her arrest was in process.

13. These communications were in violation of numerous and multiple provisions of the FDCPA and FCCPA including but not limited to 15 U.S.C. § 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(14), and FCCPA §559.72(9), §559.72(10), §559.72(15).

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated 15 U.S.C. §1692e(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

    (b) Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    (c) Defendant violated 15 U.S.C. §1692e(7) by making false representations or implications that the consumer committed any crime or other conduct in order to disgrace the consumer.

    (d) Defendant violated 15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    (e) Defendant violated 15 U.S.C. §1692e(14) by use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

18. As a result of each and every of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

    a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

    b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant in favor of Plaintiff; and

    c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff; and

    d) Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## §559.55 et seq.

19. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

20. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated §559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

    (b) Defendant violated §559.72(10) by using a communication that simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, which it is not.

    (c) Defendant violated §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

21. As a result of each and every of Defendant's violations of the FCCPA, Plaintiff is therefore entitled to actual damages; for additional statutory damages of up to $1,000; and together with court costs and reasonable attorney's fees incurred by Plaintiff from Defendant herein pursuant to §559.77(2).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

a) for an award of actual damages from each and every Defendant pursuant to §559.77(2);

b) for an award of statutory damages up to $1,000.00 pursuant to §559.77(2); and

c) For an award of litigation costs and reasonable attorney's fees pursuant to §559.77(2) against each and every Defendant.

Date: Nov 22, 2013

By: _____
Jason S. Weiss, Esq.
Lead Counsel for Plaintiff
Florida Bar #356890
Jason@jswlawyer.com
On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
(T) 201-461-0059
Jason@jswlawyer.com